

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6300 | **DATE** | 3/27/2003 |
| **CASE TITLE** | Jenkins vs. Knop | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying the petitioner's petition for a writ of habeas corpus. Any pending motion in this case is terminated as moot and the case is terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 2 8 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 20 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | 3/27/2003 | |
| MPJ | courtroom deputy's Initials | 03 MAR 27 PM 4: 23 | date mailed notice | |
| | | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CARLOS JENKINS,                        )
                                       )
                 Petitioner,           )
                                       )
         v.                            )
                                       ) No.   02 C 6300
GARY KNOP,                             )
                                       )
                 Respondent.           )

DOCKETED
MAR 2 8 2003

### MEMORANDUM OPINION AND ORDER

Petitioner Carlos Jenkins was convicted in the Circuit Court of Cook County of possession of between 1 and 15 grams of a controlled substance with intent to deliver within 1,000 feet of a church. Mr. Jenkins was sentenced to 12 years in prison. He has applied to this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking reversal of his conviction and a new trial. In the alternative, he seeks a reduction of his sentence. I deny the writ.

The facts of the case are simple. A police officer received a tip that an individual was dealing drugs on a particular street corner near Our Lady of Angels Church in Chicago. He later observed Mr. Jenkins loitering on that corner, accepting money from numerous individuals in exchange for items from a small bag which he kept in a nearby phone booth. When Mr. Jenkins was arrested on suspicion of drug dealing, the small bag proved to contain 24 packets of what appeared to be cocaine. Following trial, Mr. Jenkins was convicted.



His conviction was affirmed by the Illinois appellate court, and the Illinois Supreme Court denied leave to appeal. The state concedes that Mr. Jenkins has exhausted the state remedies available to him, as required by 28 U.S.C. § 2254(b)(1).

Mr. Jenkins bases his petition on two separate arguments. First, he claims that his trial was constitutionally inadequate under the 6th and 14th Amendments because all the elements of his crime were not proven at trial via evidence, but rather via stipulation. Second, he claims that his trial counsel was constitutionally deficient. Neither of these claims is adequate to support a writ of habeas corpus.

One element of Mr. Jenkins' crime was stipulated to at trial, but this does not render his conviction "contrary to" or a "misapplication of" federal law, as required by 28 U.S.C. § 2254. Mr. Jenkins' attorney stipulated that were a forensic officer to testify, he would testify that the bag found in the phone booth contained 5.9 grams of cocaine. However, despite Mr. Jenkins' claims to the contrary, the other elements of the crime — Mr. Jenkins' constructive possession of the bag of cocaine, his intent to deliver, and the location of the church relative to his activities — were established through the testimony of witnesses. Mr. Jenkins points to no federal authority which suggests that a defense attorney's choice to stipulate as to the content of a witness' testimony renders a trial fundamentally unfair.

Mr. Jenkins acknowledges that he has procedurally defaulted his ineffective assistance of counsel claim by failing to raise this argument in his state appeal. *McGowan v. Miller*, 109 F.3d 1168, 1172 (7th Cir. 1997). A procedurally waived claim may be revived if the petitioner can show cause for the default and actual prejudice as a result of the alleged violation of federal law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). However, Mr. Jenkins has made no attempt to show cause, and even if he had, it would be impossible for him to show actual prejudice given the weight of the evidence against him at trial.

The petition for a writ of habeas corpus is DENIED.

ENTER ORDER:

Elaine E. Bucklo
United States District Judge

Dated:    March 27, 2003